[Cite as *In re Pope*, 2011-Ohio-4268.]



# Court of Claims of Ohio
## Victims of Crime Division

The Ohio Judicial Center
65 South Front Street, Fourth Floor
Columbus, OH 43215
614.387.9860 or 1.800.824.8263

IN RE: JONATHAN T. POPE

CAROLYN A. POPE

      Applicant

Case No. V2010-50884

Commissioners:
Karl C. Kerschner, Presiding
Susan G. Sheridan
E. Joel Wesp

ORDER OF A THREE COMMISSIONER PANEL

---

{1}On March 26, 2010, the applicant, Carolyn Pope, filed a compensation application as the result of the death of her son, Jonathan Pope. On May 26, 2010, the Attorney General issued a finding of fact and decision denying the applicant's claim since her son's death did not fall under one of the exceptions to the motor vehicle exclusion contained in the statute. On June 22, 2010, the applicant filed a request for reconsideration. On October 14, 2010, the Attorney General rendered a Final Decision reversing its initial decision based upon evidence provided by the applicant in the request for reconsideration. In the Final Decision the Attorney General agreed that the victim's death was the result of criminally injurious conduct. The Attorney General's investigation also revealed that the applicant received proceeds from a settlement of $100,000.00 from the offender's insurance carrier. Pursuant to *In re Thomas*, V2005-74189tc (3-2-07), affirmed jud (6-29-07), attorney fees, litigations costs, and the first $50,000.00 were offset from the settlement pursuant to R.C. 2743.51(B)(9). After these offsets, the net settlement totaled $34,827.00. Based upon the holding in *In re Fout-Craig*, V93-27851tc (2-5-99), the Attorney General apportioned the net settlement

between economic and non-economic loss. The Attorney General determined the settlement should be apportioned 20/80 between economic and non-economic loss.

Therefore, $6,965.40 represents collateral source recovery while $27,861.60 constitutes non-economic loss. The applicant incurred unreimbursed out-of-pocket expenses in the amount of $8,211.53. When the collateral source is offset against this amount the applicant incurred an unreimbursed economic loss in the amount of $1,246.13. Accordingly, this amount was granted by the Attorney General to the applicant. On November 15, 2010, the applicant filed a notice of appeal from the October 14, 2010 Final Decision of the Attorney General. Hence, a hearing was held before this panel of commissioners on May 4, 2011 at 10:25 A.M.

{2}Assistant Attorney General Heidi James appeared on behalf of the state of Ohio. The applicant did not attend the hearing.

{3}The Attorney General made a brief statement for the panel's consideration. The Attorney General outlined the reasoning used to determine what portion of the settlement constitutes a collateral source. The Attorney General recommended the applicant receive an additional award in the amount of $349.72, for a monument bench at Marion Memorial Cemetery. Additionally, the applicant incurred counseling expenses in the amount of $67.50. If the applicant incurs additional economic loss this would be the appropriate subject for a supplemental compensation application. Whereupon, the hearing was concluded.

{4}From review of the case file and upon full and careful consideration of the statements presented by the Attorney General, we find the applicant should be granted an additional award of reparations in the amount of $417.22. Therefore, the Final Decision of the Attorney General is modified.

IT IS THEREFORE ORDERED THAT

{5}1) The October 14, 2010 decision of the Attorney General is MODIFIED to render judgment in favor of the applicant in the additional amount of $417.22;

{6}2)    This claim is remanded to the Attorney General for payment of the award in accordance with this order;

{7}3)    This order is entered without prejudice to the applicant's right to file a supplemental compensation application, within five years of this order, pursuant to R.C. 2743.68;

{8}4)    Costs are assumed by the court of claims victims of crime fund.

_____
KARL C. KERSCHNER
Presiding Commissioner


_____
SUSAN G. SHERIDAN
Commissioner


_____
E. JOEL WESP
Commissioner

ID #I:\VICTIMS\2010\50884\V2010-50884 Pope.wpd\DRB-tad

A copy of the foregoing was personally served upon the Attorney General and sent by regular mail to Ottawa County Prosecuting Attorney and to:

Filed 6-24-11
Jr. Vol. 2279, Pgs. 50-52
Sent to S.C. Reporter 8-23-11